IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ANGELA DENISE NAILS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CASE NO. 4:09-CV-118 (CDL) |
| SYNOVUS FINANCIAL CORP., | : | |
| COLUMBUS BANK & TRUST CO., | : | |
| PRISCILLA MEAD, and | : | |
| STEVE C. EVANS, | : | |
| | : | |
| Defendants. | : | |

_____

**ORDER AND
RECOMMENDATION OF DISMISSAL**

Plaintiff filed the above-styled case in this court on October 9, 2009. (Doc. 1). Because Plaintiff failed to pay the requisite filing fee in this matter, she was ordered to either pay the fee or file a proper motion for leave to proceed *in forma pauperis*. (Doc. 2). Plaintiff timely responded to the Court's order, and presently pending before the court is Plaintiff's request for leave to proceed *in forma pauperis.* (Doc. 3). Plaintiff has attached to her motion an affidavit which attests to her *in forma pauperis* status. As it appears Plaintiff cannot pay the fee required to commence this action, Plaintiff's motion to proceed *in forma pauperis* is GRANTED. Plaintiff's Complaint, however, is subject to dismissal for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (permitting district court to *sua sponte* dismiss cases filed *in forma*

*pauperis* for failure to state a claim); Fed. R. Civ. P. 12(h)(3) (requiring court to dismiss claims over which the court lacks subject matter jurisdiction).

Plaintiff's Complaint, and the amendments thereto, allege that Plaintiff had a checking account with Defendant Community Bank & Trust of Southeast Alabama that was closed "without a reason." (Doc. 4 at 2). After Plaintiff spent many hours investigating the closure of her account, she received a letter from Defendant bank official Priscilla Mead, who stated that Plaintiff's account was closed for "making too many black and white copies." *Id.* Plaintiff alleges that "[t]he defendant(s) violated the plaintiff civil rights when the plaintiff checking account was close[d] and the plaintiff was not notified or was given an answer to why the plaintiff checking account was close[d]" and that Defendants had no reason for closing the account or failing to provide her a reason for the closure. *Id.*

Plaintiff also alleges that Defendants should be liable for harassing Plaintiff. Plaintiff contends that Defendant Steve C. Evans, an attorney for Defendant Synovus Financial Corporation, wrote a letter demanding that Plaintiff "cease and desist from all future contact with the Bank and its employees" due to Plaintiff's repeated contact with the bank and its customer service center. (Doc. 1-2 at 1). This letter was sent to Plaintiff by certified mail, but it was also hand-delivered to her by the Ozark, Alabama Police Department, apparently at the request of Defendant Evans. (Doc. 4 at 3). Plaintiff contends that Defendant Evans should not have had the police deliver the letter and that "sending a police officer to the plaintiff['s] home is harassment toward the plaintiff." *Id.*

"Federal courts exercise limited subject matter jurisdiction, empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Congress has permitted the federal courts to exercise jurisdiction over diversity actions and cases raising a federal question. 28 U.S.C. §§ 1331, 1332. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 777 (11th Cir. 2008) (per curiam) (internal quotation marks omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The plaintiff bears "the burden to 'affirmatively allege facts demonstrating the existence of jurisdiction.'" *Beavers*, 265 F. App'x at 777 (quoting *Taylor*, 30 F.3d at 1367).

It is not apparent from the face of Plaintiff's Complaint or the amendments thereto that Plaintiff is alleging diversity jurisdiction. Federal law provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs[.]" 28 U.S.C. § 1332(a). In addition to alleging facts demonstrating the requisite amount in controversy, a plaintiff asserting diversity jurisdiction must also allege that complete diversity of citizenship exists; for example, a plaintiff may demonstrate that the lawsuit is between "citizens of different States." *Id.* § 1332(a)(1).

Even assuming that Plaintiff's prayer for $3,500,000.00 in damages can establish an amount in controversy exceeding the $75,000.00 jurisdictional threshold, Plaintiff's Complaint is devoid of any facts regarding the citizenship of any of the parties. Thus, Plaintiff has not met her burden of establishing that the court has subject matter jurisdiction over her claims. *See, e.g., Beavers*, 265 F. App'x at 778 (holding that plaintiffs' complaint was properly dismissed for lack of subject matter jurisdiction when complaint failed to allege the citizenship of the individual plaintiffs); *Taylor*, 30 F.3d at 1367 (holding that plaintiff's complaint was properly dismissed for lack of subject matter jurisdiction because it failed to allege citizenship of the natural defendants or the principal place of business for the corporate defendants).

Moreover, it is not readily apparent from either the face of Plaintiff's Complaint or her Amended Complaint that she asserts any claims raising a federal question. Indeed, in her original Complaint, Plaintiff states that she "is seeking damages under Georgia contract laws," and "for harras[s]ment under Georgia Civil Rule[s] of Procedure[] and Georgia Civil Laws." (Doc. 1 at 1). Giving Plaintiff's *pro se* filings every benefit of the doubt, however, Plaintiff may be attempting to assert a civil rights or a discrimination claim, perhaps under 42 U.S.C. §§ 1981 or 1983. (*See* Doc. 4 at 2 ("The plaintiff is filing a civil suit against the defendants because each defendant(s) involvement is a violation of the plaintiff Civil Right

4

Federal Rule Civil Procedure 42 discrimination.")).[1] Assuming *arguendo* that this allegation is sufficient to invoke the court's federal question jurisdiction, Plaintiff has failed to state a claim under either statute—even accepting Plaintiff's allegations as true and viewing them in the light most favorable to her. *See Jimenez v. Wellstar Health Sys.*, No. 09-10917, 2010 WL 550827, at*2 (11th Cir. Feb. 18, 2010). Thus, her Complaint and its amendments are still subject to dismissal.

"Title 42 U.S.C. § 1981 creates a federal right of action for victims of certain types of racial discrimination." *Jimenez*, 2010 WL 550827, at *2. "To state a claim for non-employment discrimination under § 1981, a plaintiff must allege (1) he is a member of a racial minority, (2) the defendant intended to racially discriminate against him, and (3) the discrimination concerned one or more of the activities enumerated in the statute." *Id.* Plaintiff has not alleged that she is a member of a racial minority or that any Defendant in this case intended to racially discriminate against her. As such, she cannot state a claim for harassment or discrimination under 42 U.S.C. § 1981.

Similarly, Plaintiff cannot state a claim under 42 U.S.C. § 1983. "In a claim for relief under § 1983, the conduct complained of must have: (1) deprived plaintiff of a right secured by the constitution or laws of the United States; and (2) been committed by a person *acting*

---

[1] Plaintiff has not even mentioned any sort of a conspiracy to violate her civil rights, as would be necessary to state a claim under 42 U.S.C. § 1985(3). *See, e.g., Jimenez v. Wellstar Health Sys.*, No. 09-10917, 2010 WL 550827, at *5 (11th Cir. Feb. 18, 2010) (holding that in order to state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege the existence of the conspiracy).

*under color of state law.*" *Shortz v. United Parcel Serv.*, 179 F. App'x 644, 645 (11th Cir. 2006) (per curiam). Plaintiff names only private parties as Defendants to this lawsuit; the only state actors mentioned by Plaintiff in her Complaint and its amendments are the members of the Ozark Police Department who delivered the cease-and-desist letter. Even if the court were to assume that the involvement of the Ozark Police Department somehow transformed the actions of the private parties in this case into state action—a dubious assumption, at best—Plaintiff has failed to explain how the delivery of a single letter by the police department violated her federally protected rights. Plaintiff has therefore failed to state a proper § 1983 claim.

Finally, to the extent Plaintiff seeks to raise any state law claims, it is recommended that the Court decline to exercise supplemental jurisdiction over these claims. District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District courts have supplemental jurisdiction over all other claims, including state law claims, "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, a district court "may decline to exercise supplemental jurisdiction over a claim under [28 U.S.C. § 1367(a)] if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3).

As discussed above, each of Plaintiff's federal law claims in this case is due to be

dismissed. Because "[b]oth comity and economy are served when issues of state law are resolved by state courts," it is recommended that the court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss those claims without prejudice. *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002) ("The argument for dismissing the state law claims in order to allow state courts to resolve issues of state law is even stronger when the federal law claims have been dismissed prior to trial."); *see also Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (per curiam) (encouraging "district courts to dismiss any remaining state law claims when . . . the federal claims have been dismissed prior to trial").

WHEREFORE, IT IS HEREBY RECOMMENDED that Plaintiff's federal law claims be DISMISSED in their entirety without prejudice for lack of subject matter jurisdiction and/or failure to state a claim upon which relief may be granted. It is further recommended that the Court decline to exercise supplemental jurisdiction over any state law claims Plaintiff may have asserted. Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED**, this 25th day of February, 2010.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mkw